IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case No. 3:02cr51/LAC
 3:08cv448/LAC/EMT

RICHARD WELLS

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 35). The Government has filed a response (Doc. 37), and Defendant has filed a reply (Doc. 41). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be dismissed as untimely.

## BACKGROUND

Defendant was charged in a four-count indictment with various drug and weapon offenses (Doc. 3). The Government filed a notice of enhancement listing one prior felony conviction (Doc. 16). Represented by appointed counsel Spiro Kypreos, Defendant pleaded guilty to count one, which charged conspiracy to possess with intent to distribute 50 grams or more of cocaine base, and count four, which charged using and carrying a firearm in furtherance of a drug trafficking crime (Doc. 24). Counts two and three, which charged possession with intent to distribute cocaine base on dates certain, were dismissed. On May 29, 2003, Defendant was sentenced to a term of 127 months imprisonment on count one and to a consecutive term of 60 months imprisonment on count four, for a total sentence of 187 months (Doc. 28). He did not appeal. Nearly five years later, Defendant filed a motion for reduction in sentence after Amendment 706 to the guidelines changed

the base offense level for offenses involving crack cocaine, and on April 30, 2008, his sentence on count one was reduced to 120 (resulting in a total sentence of 180 months: 120 months on count one, followed by 60 months on count four) (Doc. 32). The instant motion was filed—pursuant to the prison mailbox rule—on September 23, 2008[1] (Doc. 35).

Defendant raises a single ground for relief in the instant motion. He asserts that counsel was constitutionally ineffective for allowing him to plead guilty to count four of the indictment, using and carrying a firearm in conjunction with a drug trafficking crime, because he was actually innocent of this charge. He seeks re-sentencing without the 60-month consecutive sentence from this charge. The Government has moved to dismiss Defendant's motion as untimely (Doc. 37).

## ANALYSIS

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The judgment in this case was entered on May 29, 2003 (Doc. 28). Because Defendant did not appeal, the judgment became final ten working days later, on June 12, 2003. Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). "A sentencing adjustment undertaken pursuant to [18 U.S.C.] Section 3582(c)(2) [i.e., an adjustment based on a sentencing

---

[1] *See* Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999).

range that has subsequently been lowered by the Sentencing Commission] does not constitute a de novo resentencing," and hence it does not restart the § 2255(f)(1) limitations period. 18 U.S.C. § 3582(b) (notwithstanding the fact that a sentence may be subject to modification under 3582(c)(2), a judgment of conviction that includes such a sentence constitutes final judgment for all other purposes); United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005). Defendant states he does not allege that his § 2255 should be considered timely filed due to the recent re-sentencing. Rather, he contends that the time for filing his § 2255 should be tolled because he is actually innocent of the crime charged in count four, which serves to lift the procedural bar. *See* United States v. Montano, 398 F.3d 1276 (11th Cir. 2005).

Count four of the indictment charged that Defendant "did knowingly use and carry a firearm, and in furtherance of [drug trafficking crimes], possessed a firearm" (Doc. 3 at 3). "Where the language of a statute proscribes several means by which the defendant might have committed a violation, the government may plead the offense conjunctively and satisfy its burden of proof by any of the means." United States v. Cornillie, 92 F.3d 1108, 1110 (11th Cir. 1996) (United States v. Burton, 871 F.2d 1566, 1573 (11th Cir. 1989)); United States v. Simpson, 228 F.3d 1294, 1300 (11th Cir. 2000); *see also* United States v. Morales-Martinez, 496 F.3d 356, 358 (5th Cir. 2007) ("[a] disjunctive statute may be pleaded conjunctively and proven disjunctively") (citing United States v. Still, 102 F.3d 118, 124 (5th Cir. 1996)); *see also* United States v. Dickey, 102 F.3d 157, 164 n.8 (5th Cir. 1996) (citation omitted, applying same rationale to indictment for violation of 924(c), which was pleaded in the conjunctive while the statute and jury charge were in the disjunctive). That is, even if, as in this case, the defendant is charged with using and carrying and possessing a firearm, the government need only prove one means of violating the statute to sustain a conviction. Still, 102 F.3d at 124.

Defendant states in his motion that he was arrested "due to the discovery of a weapon and drugs within the premises he occupied" (Doc. 35, memo at 5).[2] This is an oversimplification. The pre-sentence report ("PSR") reflects that Defendant was the target of an investigation by the

---

[2] Defendant also claims that he "never used or carried a firearm during a drug trafficking crime," and insufficient evidence existed "to even infer constructive possession of a firearm." (Doc. 35 at 7).

Case No: 3:02cr51/LAC; 3:08cv448/LAC/EMT

Pensacola Police Department in early 2002 based on reports that he was selling cocaine base even after a December 2001 arrest for the same offense (PSR ¶ 10). On March 1, 2002, law enforcement executed a search warrant at Defendant's apartment and discovered one and a half cookies of cocaine base and a loaded 9mm Ruger handgun in a bedroom closet (PSR ¶ 11).

Defendant is correct that the mere presence of a firearm in an area where a criminal act occurs is insufficient establish a violation of 924(c)(1). United States v. Timmons, 283 F.3d 1246, 1253 (11th Cir. 2002). There must be some nexus between the firearm and the drug selling operation. *Id*. (citing United States v. Finley, 245 F.3d 199, 202 (2d Cir. 2001)). The nexus can be established by the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found." *Id.* (citing United States v. Ceballos-Torres, 218 F.3d 409, 414–15 (5th Cir. 2000); *accord* United States v. Mackey, 265 F.3d 457, 462 (6th Cir. 2001)). These factors are not necessarily exclusive, but they do serve to "distinguish possession in furtherance of a crime from innocent possession of a wall-mounted antique or an unloaded hunting rifle locked in a cupboard." *Id.*

In this case, Defendant was selling drugs from his apartment, the 9mm Ruger handgun was located in the same closet where Defendant stored his drugs, the weapon was loaded, and it was stolen. Comparable facts have been found sufficient to uphold a conviction under 924(c) in other cases. *See, e.g.*, Ceballos-Torres, 218 F.3d at 411 (involving a loaded 9mm gun found in the open on defendant's bed, along with 569.8 grams of cocaine and $1,360 found nearby in a bedroom closet); Mackey, 265 F.3d at 462 (involving an illegally possessed, loaded, short-barreled shotgun in the living room located near the scales and razor blades in a house from which the defendant sold drugs); Timmons, 283 F.3d at 1253 (involving a bullet proof vest, crack cocaine on the stove and under cushions of the couch, two fully loaded firearms on top of the oven and ammunition inside the oven in the living room). Therefore, Defendant has failed to show he was "actually innocent"

of the charged offense,[3] and he has not overcome the procedural bar to the untimely filing of his motion. The government's motion to dismiss should therefore be granted.

## Certificate of Appealability

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. That the Government's motion to dismiss (Doc. 37) be **GRANTED**;

2. That the motion to vacate, set aside, or correct sentence (Doc. 35) be **DENIED** and **DISMISSED** as untimely.

3. That a certificate of appealability be **DENIED.**

At Pensacola, Florida, this 18th day of March 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] A complete showing of actual innocence might also require a showing that he was innocent of the charges dropped by the Government in the course of plea bargaining. Montano, 398 F.3d 1284, 1284–85 (11th Cir. 2005).

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).